FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 30, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROY D. CHEESMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>KITTITAS COUNTY PROSECUTING ATTORNEY GREGORY LEE ZEMPEL,<br><br>    Defendant. | No. 1:19-cv-03060-SAB<br><br><br><br>**ORDER DISMISSING COMPLAINT** |

On April 3, 2019, Plaintiff filed a pro se Complaint, ECF No. 1, and also an accompanying Application to Proceed In Forma Pauperis, ECF No. 2. Magistrate Judge Rodgers denied Plaintiff IFP status due to Plaintiff's failure to provide the case number, name of court, the captioned name of the parties, a description, a status, and result of each case he had been a party to in the last 10 years. ECF No. 4, 9. On April 19, 2019, Plaintiff filed a supplement providing this information. ECF No. 10. A review of the supplement shows that Plaintiff has filed a number of lawsuits against various state officials that are pending or have been dismissed. Plaintiff was granted IFP status on April 29, 2019. ECF No. 11.

//

**ORDER DISMISSING COMPLAINT ~ 1**

## 28 U.S.C. § 1915 Review

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and dismiss such complaint, or portions of the complaint, if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Wong v. Bell*, 642 F.2d 359, 361-2 (9th Cir. 1981). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). On the other hand, mere legal conclusions, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699.

## Pleading Standards

Pursuant to the Federal Rules of Civil Procedure, a pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a).

As the U.S. Supreme Court instructs:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

**ORDER DISMISSING COMPLAINT ~ 2**

the misconduct alleged. The plausibility standard is not akin to a
probability requirement, but it asks for more than a sheer possibility
that a defendant has acted unlawfully. Where a complaint pleads fact
that are merely consistent with a defendant's liability, it stops short of
the line between possibility and plausibility of entitlement to relief.

*Ashcroft*, 556 U.S. at 679 (citations and quotations omitted).

## 42 U.S.C. § 1983

Here, it appears that Plaintiff is bringing claims under 42 U.S.C. § 1983, as well as a variety of other federal and state law claims.[1] 42 U.S.C. § 1983 creates a cause of action against a person who, acting under color of state law, subjects another to the deprivation of rights guaranteed by the Constitution. 42 U.S.C. § 1983. Under § 1983, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he or she does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978) (citation

---

[1] Plaintiff alleges that Defendant violated his "constitutional civil rights and intentionally violated the United States Bills of Rights and the RCW of the State of Washington under the first bills of rights, fourth bills of rights, sixth bills of rights, eighth bills of rights, ninth bills of rights, fourteen bills of rights, Conspiracy Against Rights 18 USC-241, deprivation of rights 18 U.S.C. 242, civil rights violation 42 U.S.C. section 1983, RCW 9.62.010 Malicious Prosecution-Abuse of Process, RCW 9A.72.150, 1, 2, and 3, tampering with physical evidence, RCW 33.36.060 spoliation of evidence, RCW 9A.36.120 assault of a child, RCW 9A.76.175 false and misleading statements to a public servant, RCW 42.20.040 false reports and RCW 33.36.060 Suppressing, secreting or destroying evidence or records, Washington State RCW 36.27.020 (6), Washington State Code RCW 13.40.077(1)(g)(i)(2), Washington State Code RCW 9.94A.411 (1)(f)(i)(ii)(iii)(2)(a), Washington State Code RCW 9.94A.411(b)(i)(A)(B)(C)(ii), Washington State Code RCW 26.44.030(8), RCW 5.60.060(5), RCW 9A.28.040, RCW 9A.80.010, and Superior Court Criminal Rules CrR 4.7 discovery." ECF No. 1.

**ORDER DISMISSING COMPLAINT ~ 3**

omitted). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* (citation omitted).

State prosecuting attorneys who act within scope of their duties in initiating and pursuing criminal prosecution and in presenting the state's case are absolutely immune from civil suit for damages under 42 U.S.C. § 1983 for alleged deprivations of an accused's constitutional rights. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Absolute prosecutorial immunity is meant to "protect[ ] the prosecutor from harassing litigation that would divert his time and attention from his official duties" and to "enabl[e] him to exercise independent judgment when 'deciding which suits to bring and in conducting them in court.'" *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997) (quoting *Imbler*, 424 U.S. at 424).

**Plaintiff's Complaint**

Plaintiff alleges that Defendant violated his constitutional rights by Defendant's actions in prosecuting him from December, 2016 until present day. Plaintiff's allegations focus on Defendant's role in initiating the prosecution and presenting the state's case, duties that are afforded absolute immunity. As such, there is no basis in law for Plaintiff's claims. Moreover, the federal and state criminal statutes identified by Plaintiff do not provide private causes of action.

**Leave to Amend**

Unless it is absolutely clear that amendment would be futile, a pro se litigant must be given the opportunity to amend her complaint to correct any deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2002). In this case, however, the Court declines to grant leave to amend. Based on his latest supplement pleading identifying his prior complaints, the Court is concerned that Plaintiff is abusing his *in forma pauperis* status and is using the federal courts to harass state officials. Indeed, the Court notes that Plaintiff filed a virtually identical Complaint against

**ORDER DISMISSING COMPLAINT ~ 4**

Kittitas County Prosecuting Attorney Jodi Hammond. *See Cheesman v. Hammond*, 1:19-cv-03059-SAB. Judicial resources that could be used to address meritorious actions are being wasted on rehashing Plaintiff's claims against state officials who participated in the removal of his children from his custody due to concerns for their welfare. In this case, it is clear Plaintiff is suing Defendant based on decisions he made as a prosecutor. There is no question these actions are afforded absolute immunity and any amendments to the complaint will be futile.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint, ECF No. 1, is **dismissed**, with prejudice.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, forward copies to Plaintiff, and close the file.

**DATED** this 30th day of April 2019.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING COMPLAINT ~ 5**